Larry D. WEISSER and Geraldine I. Weisser, Plaintiffs, Appellees and Cross-Appellants,

v.

GRAND FORKS FEDERAL SAVINGS AND LOAN ASSOCIATION and its successor, Metropolitan Federal Bank, Defendant, Appellant and Cross-Appellee,

and

Marlyn L. Bjorge, Defendant.

Civ. No. 11272.

Supreme Court of North Dakota.

May 28, 1987.

Hand & Triplett, Grand Forks, for plaintiffs, appellees and cross-appellants; argued by James S. Hand.

Vaaler, Gillig, Warcup, Woutat, Zimney & Foster, Grand Forks, for defendant, appellant and cross-appellee; argued by Robert Vaaler.

Pearson & Christensen, Grand Forks, for defendant.

GIERKE, Justice.

Grand Forks Federal Savings and Loan Association and its successor, Metropolitan Federal Bank, appealed from the judgment entered in an action brought by Larry and Geraldine Weisser. The Weissers cross-appealed. We reverse.

Prior to October 1979, Larry Weisser had been employed by Paul Symington, doing business as Symington Construction, for a number of years. In October 1979, Weisser was employed in a supervisory capacity, "timing schedules with subcontractors and seeing that the work is done and done properly." In October 1979, Symington had seven duplexes under construction on lots he owned. Symington and Weisser entered into an agreement under which Symington would convey two of the lots to the Weissers, Symington Construction would serve as the general contractor in the construction of two duplexes on the lots to be owned by the Weissers, Larry Weisser would "supervise the work," and Symington would "handle the financial arrangement."

Symington arranged for financing the duplexes with Marlyn Bjorge, a loan officer at Grand Forks Federal. At Symington's suggestion, the Weissers applied for a loan at Grand Forks Federal on October 15, 1979. The loans were approved the same day in the amount of $44,800 for each duplex and the Weissers executed two notes, each in the amount of $44,800, and two mortgages securing their payment. The Weissers also executed construction loan agreements providing:

"1. That the Association is authorized to disburse funds under its control in said construction loan account, together with the net proceeds of the loan, only in proportion to its inspector's report of progress, ...

"2. That the proceeds of this loan are to be used for the payment of material, bills, labor and for other uses and purposes in and for the construction of said building or buildings hereinbefore referred to."

On October 23, 1979, Symington deeded the lots to the Weissers. By November 1, Grand Forks Federal had disbursed $80,000 of the loan funds to Symington. The first documented inspection of the property on January 25, 1980, showed construction to be 59 percent complete. An inspection on February 19, 1980, showed construction to be 67 percent complete.

When it became apparent that there were insufficient funds in the loan accounts to complete construction of the duplexes, the Weissers borrowed an additional $12,-000 to apply to construction on March 24, 1980, through property improvement loans from Grand Forks Federal. The properties were later refinanced in order to provide additional funds to complete construction. On October 22, 1980, the Weissers conveyed the uncompleted duplexes to Grand Forks Federal, which completed the duplexes and later sold them at a loss of $75,-190.09. The conveyances to Grand Forks Federal extinguished the Weissers' debts to Grand Forks Federal, which did not demand repayment of the loans.

Symington filed a bankruptcy petition in September 1981. The Weissers did not file a claim against Symington in the bankruptcy proceedings.

In August 1983, the Weissers sued Grand Forks Federal Savings and Loan Association and its successor, Metropolitan Federal Bank, and Marlyn Bjorge. After trial to the court, the court dismissed the action against Bjorge; concluded that Grand Forks Federal breached the construction loan agreements by paying out loan proceeds without inspections and disbursing funds without regard to the progress of construction; and ordered judgment in the amount of $12,664 plus interest, costs and disbursements. Judgment was entered accordingly.

Metropolitan[1] appealed, asserting (1) that the trial court erred in awarding damages when the Weissers made no financial investment in the properties; (2) that the trial court erred in not finding that a partnership, joint venture, or other association existed between Larry Weisser and Paul Symington, so as to estop Weissers from claiming that the defendants made unauthorized disbursements to Symington; and (3) that the Weissers ratified Grand Forks Federal's performance under the construction loan agreements.

1. Metropolitan Federal Bank is the successor by merger of Grand Forks Federal Savings and Loan Association. Although the judgment is

The Weissers cross-appealed, asserting that the trial court erred in its measure of damages, erred in not awarding exemplary damages, and erred in finding contractual, but not tort, liability.

■ We deem the ratification issue to be dispositive and reverse the judgment because the Weissers ratified Grand Forks Federal's performance under the construction loan agreements.

There is no dispute regarding the facts relating to ratification. Larry Weisser learned in December 1979 or January 1980 that subcontractors had not been paid. Symington then told Weisser that he had withdrawn money from the loan accounts to pay bills on the duplexes but had not paid them. Weisser knew the stage of construction on the duplexes and knew that there were not enough funds in the loan accounts to complete construction. Weisser's arrangement with Symington was that Weisser would supervise the construction and Symington would handle the financial matters. Weisser never made any objections to Grand Forks Federal about the way in which it performed under the loan agreements or about Symington drawing funds from the loan accounts and diverting them to purposes other than construction of the duplexes at the time it granted the property improvement loans or when it refinanced the original loans or when the Weissers conveyed the properties to Grand Forks Federal. The Weissers received a letter dated August 19, 1980, indicating the following disbursements from the loan account on one duplex:

| "Loan Fee | $ 448.00 |
| Appraisal Fee | 80.00 |
| Title Examination | 60.00 |
| Grand Forks Abstract Company | 300.50 |
| Interest to 8/1/80 | 3,824.63 |
| Advances | 42,300.00 |
| Ronan Drywall | 1,050.00 |
| Sherwin Williams | 175.04 |
| Wes Rodgers | 500.00 |
| Simonson Lumber | 1,200.00 |
| Lunski Plumbing | 1,521.00 |
| Irelands Lumber | 2,200.00 |
| Vaaler Insurance | 143.00 |
| LP # 10, 922-2 | 1,072.00 |

against Metropolitan, the appellant will hereinafter be referred to as "Grand Forks Federal."

| | |
|---|---|
| P & I # 1107–0 | $ 72.02 |
| Woodland Construction | 269.22 |
| Goodmans | 1,881.81 |
| Plywood Minnesota | 1,774.78 $56,872.00" |

The Weissers received a letter dated August 19, 1980, indicating the following disbursements from the loan account on the other duplex:

| "Loan Fee | $ 448.00 |
|---|---|
| Appraisal Fee | 80.00 |
| Grand Forks Abstract Company | 300.50 |
| Title Examination | 60.00 |
| Interest to 8/1/80 | 3,779.19 |
| Symington Construction | 42,300.00 |
| Sherwin Williams | 175.03 |
| Ronan Drywall | 1,050.00 |
| Wes Rodgers | 500.00 |
| Simonson Lumber | 1,200.00 |
| Lunski Plumbing | 1,521.00 |
| Vaaler Insurance | 143.00 |
| Credit to LP # 10, 923–0 | 1,072.00 |
| P & I P.I. # 1106–2 | 72.02 |
| Goodmans | 1,881.81 |
| Plywood Minnesota | 229.30 |
| Woodland Construction | 1,860.15 |
| Ireland's Lumber | 200.00 $56,872.00" |

On August 19, 1980, the Weissers signed loan settlement statements indicating advances (other than appraisal fee, legal fee, service charge, abstracting, and interest) on one duplex of $52,158.87 and on the other duplex of $52,204.31. The loan settlement statements contained the following language immediately above the Weissers' signatures:

"The undersigned acknowledges the receipt of this Loan Settlement Statement, and agrees to the correctness thereof, and authorizes and ratifies the disbursement of the funds as stated therein."

In its conclusions of law, the trial court determined:

"3. The loan settlement statements signed by the plaintiffs did not absolve Grand Forks Federal from liability to the plaintiffs as the statements were signed after the damage was incurred and after there was nothing the plaintiffs could do about it."

The Weissers assert that the ratifications were ineffective because they did not have full knowledge of what had happened; neither the loan settlement statements nor the letters furnished the Weissers explained how the disbursements were made; the damage was already done and appeared irreparable, suggesting an absence of consideration; the loan settlement statements were signed due to an inducement—refinancing—offered by Grand Forks Federal; and Grand Forks Federal had a fiduciary duty to the Weissers.

■ While we do not agree with Weissers' assertion that there was no consideration for the ratification, as additional funds were thereafter loaned, we note that one may, through a "gift discharge," accept "defective performance as a complete discharge of duty." 5A *Corbin on Contracts* § 1245, p. 581 (1964). After an obligee expresses assent to accept defective performance as a discharge of the obligor's duty, "the obligor may change his position in a definite and material way, one that the obligee had reason to foresee." 5A *Corbin on Contracts, supra*, at p. 581. The obligor also may make "no effort to correct his performance or to cure defects. Sometimes, but for the obligee's expression of assent, the obligor might still have had the privilege and power of correction." 5A *Corbin on Contracts, supra*, at p. 582.

■ In our view, the Weissers' failure to object to the disbursements and their ratification of the disbursements discharged Grand Forks Federal's duties under the construction loan agreements. Restatement (Second) of Contracts § 278(1) (1981) provides: "If an obligee accepts in satisfaction of the obligor's duty a performance offered by the obligor that differs from what is due, the duty is discharged." This court noted in *Dangerfield v. Markel*, 252 N.W.2d 184, 191 (N.D.1977), that:

"A party who makes an unexplained delay in enforcing his contractual rights or who accepts performance in a manner different from that required by the contract has been held to have acquiesced to the nonconforming performance made by the other party."

The Weissers' failure to object to the disbursements made and their written ratification of the disbursements were "inconsistent with an intention by the injured party to insist on rights to performance under the contract" and constituted an "expression of assent to discharge." *Kangas*

*v. Trust,* 110 Ill.App.3d 876, 65 Ill. Dec. 757, 761, 441 N.E.2d 1271, 1275 (1982). *See also Askew v. Joachim Memorial Home,* 234 N.W.2d 226 (N.D.1975).

The Weissers' reliance on *Martinson v. Kershner,* 32 N.D. 46, 155 N.W. 37 (1915), is misplaced. This court said in that case, 155 N.W. at 40:

> "As a general rule, except in those cases where the principal intentionally assumes the responsibility without inquiry, or deliberately ratifies, having all the knowledge in respect to the act which he cares to have, any ratification of an unauthorized act or transaction of an agent must, in order to bind the principal, be shown to have been made by him with full knowledge of all the material facts relative to the unauthorized transaction."

It is undisputed that the Weissers knew that the money was disbursed to Symington, knew that Symington did not use the money in the construction of the duplexes, did not object to the disbursements, and still signed the loan settlement statements. It appears that from these undisputed facts, the Weissers deliberately ratified the disbursements with all the knowledge of the disbursements they cared to have, and with full knowledge of all the material facts relative to the disbursements. We therefore conclude that the Weissers effectively ratified Grand Forks Federal's disbursements as a matter of law. We must, therefore, overturn the trial court's conclusion of law that "[t]he loan settlement statements signed by the plaintiffs did not absolve Grand Forks Federal from liability to the plaintiffs."

Upon considering the other issues raised by the Weissers with regard to ratification of the disbursements, we find them to be without merit. We conclude that the Weissers' failure to object and their ratification of the disbursements made to Symington by Grand Forks Federal precludes liability on the part of Grand Forks Federal for its defective performance of its duties under the construction loan agreements.

For the reasons stated, the judgment is reversed. Our reversal of the judgment renders determination of the issues raised in the cross-appeal unnecessary.

ERICKSTAD, C.J., and VANDE WALLE, LEVINE and MESCHKE, JJ., concur.